UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ROLMAN ROBERTO GARCIA-XICAY

            *Petitioner,*

   v.

LEEPER, *et al.*,
            *Respondents.*

Civil Action 26-cv-01833

DECLARATION OF DEPORTATION OFFICER
CRAIG LIMONCELLI

Pursuant to 28 U.S.C. § 1746, I, Craig Limoncelli, declare under penalty of perjury that the following is true and correct:

1.      I am a Deportation Officer at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I have been with DHS since August of 2006. I began my career serving with the United States Border Patrol ("USBP"), before joining ICE Enforcement and Removal Operations in September 2011. I have been a Deportation Officer since August of 2012. As part of my duties, I am responsible for identifying illegal aliens that are currently being held in criminal custody, such as while serving a state court sentence. Once an illegal alien is identified, I conduct interviews, issue DHS Form I-247A (Immigration Detainer – Notice of Action) and prepare charging documents for those aliens subject to removal proceedings. Moreover, I was the arresting officer who took Rolman Roberto Garcia-Xicay ("Petitioner") into immigration custody upon his release from the Yaphank Correctional Facility ("Yaphank Correctional") located in Yaphank, New York on March 27, 2026.

2.      I have prepared this declaration in response to the Petition for a Writ of Habeas Corpus filed by the Petitioner. Petitioner, a native and citizen of Guatemala, has been assigned the following Alien Number: 213 139 658. The following representations

are based on my personal knowledge as one of the officers involved in the Petitioner's arrest, review of Petitioner's administrative file, consultation with my colleagues who performed post-arrest processing in relation to the Petitioner, and ICE electronic records and databases which I used to determine whether Petitioner was amenable to arrest and detention.

**Petitioner's Immigration History**

3.      Petitioner unlawfully entered the United States on or about September 28, 2017, near the Rio Grande Valley, Texas. Petitioner was encountered that day by USBP, arrested, and transported to the Rio Grande Valley Centralized Processing Center in McAllen, Texas. At the time of his encounter, he was 16 years old and identified as an Unaccompanied Alien Child ("UAC").

4.      During processing at the Rio Grande Valley Centralized Processing Center, Petitioner was served with a Form I-862, Notice to Appear ("NTA"), Form I-200, Warrant for Arrest of Alien, Form I-286, Notice of Custody Determination, and a list of free legal service providers. Petitioner's NTA charged him as inadmissible pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act.

5.      On September 30, 2017, Petitioner was transferred to the Custody of the U.S. Department of Health and Human Services, Office of Refugee Resettlement ("ORR"). ORR placed the Petitioner at Southwest Key Casa Quetzal, located in Houston, Texas. Petitioner remained in ORR custody for approximately 46 days before being released to his father.

6.      On July 6, 2018, Petitioner, represented by counsel and accompanied by his father, appeared for his initial Master Calendar Hearing in Immigration Court. Petitioner

indicated he would be filing for Special Immigrant Juvenile Status, as well as other forms of relief from removal. The Immigration Court adjourned Petitioner's pleadings to September 28, 2018.

7.     On September 28, 2018, Petitioner, represented by counsel, appeared in Immigration Court for a Master Calendar hearing, where he filed applications for relief from removal.

8.     On December 27, 2018, Petitioner filed Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant with the U.S. Citizenship and Immigration Service ("USCIS"). Petitioner's application was approved on April 3, 2020. On June 13, 2022, USCIS granted Petitioner Deferred Action.

9.     On February 8, 2023, the Immigration Court mailed Petitioner and DHS a Notice of Intent to Take Case off the Court's Calendar based on his pending applications with USCIS. Neither party filed timely opposition, and Petitioner's case was taken off the Immigration Court's active docket.

10.     On February 13, 2023, USCIS database records show that Petitioner's Deferred Action Status was terminated.

11.     On July 3, 2024, DHS filed a Motion to Recalendar Petitioner's removal proceedings with the Immigration Court. The motion was granted, and Petitioner was scheduled for a Master Calendar hearing before the Immigration Court on November 4, 2024.

12.     On November 4, 2024, neither Petitioner nor his counsel appeared before the Immigration Court. The Immigration Judge adjourned the proceedings for December 19, 2024, for Petitioner to appear.

13.     On December 19, 2024, Petitioner appeared with counsel for a Master Calendar Hearing. Petitioner's counsel made a Motion to Withdraw from representation. The motion was granted by the Immigration Judge. Furthermore, DHS opposed any Motion to Terminate Petitioner's removal proceedings based on his past and pending criminal history.

14.     On March 19, 2025, Petitioner appeared pro se for a Master Calendar Hearing before the Immigration Judge. On that day, the Immigration Judge scheduled Petitioner's Individual Merits Hearing for December 3, 2025.

15.     On November 3, 2025, Petitioner filed an I-485, Application to Register Permanent Residence or Adjust Status, with USCIS.

16.     On December 2, 2025, the Immigration Court mailed the parties a Notice of Cancellation of Immigration Hearing. The Immigration Court has not rescheduled Petitioner's hearing since. His case remains pending before the Immigration Court.

17.     On December 12, 2025, USCIS administratively closed Petitioner's adjustment of status case based on the Immigration Court having jurisdiction over the application.

**Petitioner Criminal History**

18.     On October 10, 2019, Petitioner was arrested by the Southold, New York Police Department. He was charged with (1) New York Penal Law 170.25, Possession of a Forged Instrument in the Second Degree, a felony, and (2) New York Penal Law 190.23, False Personation, a misdemeanor.

19.     Based on these charges, ICE lodged a Form I-247A detainer.  Form I-247A detainers are used to effectuate the transfer of an illegal aliens in state and federal criminal

custody to ICE custody. Here, such detainer was lodged with Yaphank Correctional. The detainer was not honored by Yaphank Correctional, and Petitioner was not transferred to immigration custody.

20.    On February 14, 2020, Petitioner was arrested by the Southampton Town Police Department. He was charged with New York Penal Law 155.25, Petit Larceny, a misdemeanor.

21.    On February 17, 2022, Petitioner was arrested by the Riverhead Town Police Department. He was charged with New York Penal Law 220.03, Criminal Possession of a Controlled Substance in the 7th Degree, a misdemeanor, and New York Penal Law 190.23, False Personation, a misdemeanor. He was arraigned March 2, 2022, on the aforementioned charges, as well as on violations of New York Vehicle Traffic Law ("VTL") § 509(1), Driving without a License, VTL § 1163(1) Illegal Signal: Less than 100 Feet from Turn, and VTL § 319(1U), Operating a Motor Vehicle without Insurance. A bench warrant was subsequently issued for Petitioner.

22.    On November 3, 2024, Petitioner was arrested by the Riverhead Town Police Department. He was charged with violation of VTL § 1192(3) Driving While Intoxicated – First Offense, a misdemeanor, and 1192(2-AA), Aggravated Driving While Intoxicated: Per Se – BAC .18 of 1% or More. He was arraigned of the above charges on November 4, 2024. On November 25, 2025, he was convicted of the above charges. He was sentenced on January 28, 2026, to 3 years' probation, 90 days imprisonment, and $1000 in fines. Petitioner's license was also revoked.

**ICE's Identification and Arrest of Petitioner**

23.    On January 28, 2026, Deportation Officer Chassity Mantiera encountered Petitioner during routine jail checks at Yaphank Correctional. She conducted record checks which revealed Petitioner was currently in removal proceedings with no future date scheduled. Consequently, Officer Mantiera lodged an I-247A Immigration Detainer, with Yaphank Correctional.

24.    Also on January 28, 2026, Supervisory Detention and Deportation Officer Jason Langlois issued a Form I-200, Warrant for Arrest of Alien for Petitioner.  Attached as Exhibit A please find a true and correct copy of the 2026 I-200.

25.    Despite database records showing Petitioner's Deferred Action had been terminated on February 13, 2023, ICE was unable to locate documentation confirming the termination. As such, Acting Supervisory Detention and Deportation Officer Achilles Shinas contacted USCIS on March 26, 2026, with request to terminate Petitioner's Deferred Action based on his criminal history. USCIS issued a termination  notice that same day.

26.    On March 27, 2026, myself, along with other agents arrested the Petitioner outside of Yaphank Correctional. At approximately 9:35 a.m. I observed an individual leaving Yaphank Correctional matching the description of Petitioner. I approached Petitioner and asked him his name. Petitioner stated his name and confirmed his identity. I informed the Petitioner that I had a warrant for his arrest, and that he was being returned to custody based on his most recent criminal conviction. I placed him into custody without incident. Petitioner was then transported to 100 Carman Avenue, East Meadow, New York, for processing.

27.    At processing, Petitioner was served with his Form I-200, which I explained to him in Spanish. He was also informed that his Release on Recognizance was revoked and he was being returned to ICE custody for the pendency of his removal proceedings.

28.    On March 27, 2026, Petitioner was transferred from Nassau County ICE Intake in East Meadow to the New York City Hold Room located at 26 Federal Plaza, New York, New York pursuant to Section 235(b)(2)(A) of the Immigration and Nationality Act.

29.    Petitioner remains detained at 26 Federal Plaza pursuant to Section 235(b)(2)(A) of the Immigration and Nationality Act.

I hereby declare under the penalty of perjury that the above statements are true and correct.

Executed at New York, New York
this 30th day of March 2026.

CRAIG V LIMONCELLI
Digitally signed by CRAIG V LIMONCELLI
Date: 2026.03.30 07:39:03 -04'00'

Craig Limoncelli
Deportation Officer
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security