UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROLMAN ROBERTO GARCIA XICAY,

Petitioner,

v.

**ORDER**
26-CV-1833-SJB

BILL LEEPER et al.,

Respondents.
---------------------------------------------------------------X

**BULSARA, United States District Judge:**

Petitioner Rolman Roberto Garcia Xicay ("Petitioner"), who has lived in the United States since 2017, was arrested on March 27, 2026, by U.S. Immigration and Customs Enforcement ("ICE") officers. (Pet. for Writ of Habeas Corpus filed Mar. 27, 2026 ("Pet."), Dkt. No. 1 ¶¶ 1–2; Resp'ts' Letter filed Mar. 30, 2026 ("Resp'ts' Letter"), Dkt. No. 6 at 1; Decl. of Craig Limoncelli ("Limoncelli Decl."), attached to Resp'ts' Letter, Dkt. No. 6-1 ¶ 26). He was detained in Nassau County on the day the Petition was filed. (Pet. ¶ 3; Resp'ts' Letter at 2). For the reasons explained below, the writ is provisionally granted, pending a bail hearing.

The Government has filed an opposition to Petitioner's writ that suggests that the sole basis for Petitioner's detention is 8 U.S.C. § 1225, (Resp'ts' Letter at 3), despite the fact that Petitioner has been in the United States since 2017, (Pet. ¶ 1), and despite the issuance of a Notice to Appear ("NTA") years prior, a pending case in Immigration Court, and an arrest warrant issued prior to Petitioner's arrest, (Limoncelli Decl. ¶¶ 4,

16, 24).[1] The Government elects to rely on an inapplicable provision, under which detention violates Petitioner's due process rights. *See, e.g.*, *Sharifzoda v. Orange Cnty. Jail*, No. 26-CV-2486, 2026 WL 851378, at *2 (S.D.N.Y. Mar. 27, 2026) ("Petitioner's detention without a bond hearing constitutes a Due Process violation. The Due Process Clause . . . mandates that a person not be detained unless he has been given notice of the case against him and an opportunity to be heard on its merits. Here, Respondents have violated this fundamental mandate, as Petitioner has been detained without notice or an opportunity to be heard." (citation omitted)); *Gomez-Ramirez v. Noem*, No. 26-CV-1860, 2026 WL 734945, at *1 (S.D.N.Y. Mar. 16, 2026) ("Accordingly, because § 1226(a) affords detained noncitizens the right to an initial determination as to eligibility for release and the opportunity for a bond hearing upon detention, and because such a determination was not made prior to [petitioner's] being detained, such detention violates his rights under the Due Process Clause." (quotation omitted)). The Court is puzzled as to the Government's reliance on Section 1225, when other legitimate legal bases exist for detention—other than ostensibly to avoid the obligation to provide the Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) ("Individuals detained under § 1225 are not entitled to a bond hearing." (citing *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[N]either § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."))). Nonetheless, the

[1] Respondents report that USCIS granted Petitioner Special Immigrant Juvenile Deferred Action in 2022, but that USCIS terminated that status in 2023. (Resp'ts' Letter at 2). Respondents add that ICE could not locate documentation confirming that termination, so they sent a request to USCIS based on Petitioner's criminal history, and USCIS issued a termination notice on March 26, 2026. (Limoncelli Decl. ¶ 25).

Government is held to the detention authority upon which they relied in the papers, and the Court does not engage in a free-wheeling inquiry to determine whether there is some other legal basis for detention. *Cf. Islander E. Pipeline Co., LLC v. Conn. Dep't of Env't Prot.*, 482 F.3d 79, 95 (2d Cir. 2006) ("It is well established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself.").

As the Court has explained numerous times, the Government's position is that someone is subject to removal and detention under Section 1225(b)(2), as someone who is seeking admission to the United States, (Resp'ts' Letter at 3 (citing 8 U.S.C. § 1225(b)(2)(A))), notwithstanding that they have been living here for months, if not years. The vast majority of courts in this District have rejected this argument. *See Lopez Benitez*, 795 F. Supp. 3d at 490–91 ("[T]he line historically drawn between sections 1225 and 1226, which mak[es] sense of their text and the overall statutory scheme, is that section 1225 governs detention of non-citizens seeking admission into the country, whereas section 1226 governs detention of non-citizens already in the country. . . . This Court has similarly been unable to identify any authority to support Respondents' expansive interpretation of § 1225(b)." (quotations omitted)); *Padilla Molina v. DeLeon*, No. 25-CV-6526, 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) ("This Court agrees with Petitioner that he is detained subject to Section 1226, not Section 1225. In so holding, the Court joins the hundreds of district court decisions that have rejected Respondents' expansive interpretation of Section 1225 as inconsistent with the plain text and overall structure of the INA.") (collecting cases); *Ulloa Montoya v. Bondi*, No. 25-CV-6363, 2025 WL 3718694, at *3 (E.D.N.Y. Dec. 23, 2025) (same); *Rodriguez-Acurio v.*

*Almodovar*, -- F. Supp. 3d --, No. 25-CV-6065, 2025 WL 3314420, at *23 (E.D.N.Y. Nov. 28, 2025) ("[T]he administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed—has been challenged in at least 362 cases in federal district courts. The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States." (quoting *Barco Mercado v. Francis*, -- F. Supp. 3d --, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025))).

Respondents submit that the Court can decide this matter on the submissions. (Resp'ts' Letter at 6). The Court incorporates the reasoning of judges in this District and its sister courts and provisionally grants the writ—because at its core, detention under Section 1225 violates due process guarantees and is inapplicable and inappropriate for individuals who have lived in the United States as long as Petitioner has. And the Court separately notes that the mandatory detention provisions of Section 1225 are inapplicable to individuals who are already in removal proceedings. *See, e.g.*, *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 935 (N.D. Cal. 2025) ("Because Petitioners are currently in section 1229a proceedings, Petitioners cannot be simultaneously subjected to expedited removal proceedings undersection 1225(b)(1), and section 1225(b)(1)(B)'s mandatory detention provisions do not currently apply to them."), *appeal docketed*, No. 25-7472 (9th Cir. Nov. 26, 2025); *id.* at 936 ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a

and released them on their own recognizance under Section 1226(a)."); *Valdez v. Joyce*, 803 F. Supp. 3d 213, 219 (S.D.N.Y. 2025) ("ICE cannot manipulate the removal proceedings in its favor by substituting expedited proceedings for immigration proceedings already in progress before the immigration court. It is an abuse of process."). If Respondents wish to detain someone like Petitioner, they would have to follow some other provision. But here, they rely solely on Section 1225.[2]

The writ is provisionally granted, pending a bail hearing. The Court will hold an in-person bail hearing on **March 31, 2026, at 4:00 P.M.** Respondents are directed to produce Petitioner for the hearing. Petitioner's counsel and Respondents' counsel must appear in person. The Court intends to impose bail conditions on Petitioner's release. *See Mapp v. Reno*, 241 F.3d 221, 223 (2d Cir. 2001) ("[F]ederal courts have the same inherent authority to admit habeas petitioners to bail in the immigration context as they do in criminal habeas cases."). Petitioner should be prepared to come forward to with at least one suretor to co-sign a $ 10,000 appearance bond, which would permit the Government to collect that amount from both Petitioner and the suretor should Petitioner violate the terms of bail, which will include a bar on any further arrests,

---

[2] The Government's analogy to *Saamishvili v. Flanagan*, No. 25-CV-6178, 2026 WL 377574 (E.D.N.Y. Feb. 11, 2026), is inapt. There, the Court found that the petitioner was subject to *continued* mandatory detention under Section 1225(b)(2), because it reasoned that the restrictions placed upon petitioner's liberty in the form of periodic ICE check-ins could be contemplated by the statute's meaning of "detention." *See id.* at *3 ("In other words, the Executive's obligation to detain aliens subject to Section 1225(b)(2)(A) could be satisfied by bond, check-ins, etc., but it could also be satisfied by physical custody, if the Executive chose to do so." That comparison fails here, where Petitioner was granted Special Immigrant Juvenile Deferred Action, (Resp'ts' Letter at 2), and thus, for at least some period of time, was not within Section 1225(b)(2)'s definition of detention even as described in *Saamishvili*.

driving, and a requirement to appear for any future immigration hearings or proceedings that are scheduled in his open case. If Petitioner is not able to come forward with such a person by the time of the hearing, he may seek adjournment.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: March 30, 2026
Central Islip, New York