Law Offices of Michael Z. Goldman
Michael Z. Goldman
100 Church Street, Suite 800
New York, NY 10007
212 901-3799
michael@mzglaw.com

*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Rolman Roberto Garcia Xicay,**<br><br>***Petitioner,***<br>**v.**<br><br>**Bill Leeper,**<br>**in his official capacity as Sheriff, Nassau County Correctional Center;**<br><br>**Judith Almodovar,**<br>**in her official capacity as Acting New York Field Office Director, U.S. Immigration & Customs Enforcement;**<br><br>**Todd M. Lyons,**<br>**in his official capacity as Acting Director of Immigration & Customs Enforcement; and**<br><br>**Pamela Bondi,**<br>**in her official capacity as Attorney General, U.S. Department of Justice,**<br><br>***Respondents.*** | **Case No. 26-cv-1833-SJB** |

**MOTION FOR EAJA FEES**

Petitioner requests attorney's fees in the amount of $3,547.40 incurred in successfully challenging his constitutional detention by Respondents. *See* Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (entitling a prevailing party to fees and costs in a civil action against the United States).

Courts must grant attorney's fees and expenses under the EAJA where: (1) the petitioner requesting the fees has a net worth below $2,000,000; (2) the petitioner is a prevailing party; (3) the respondents cannot meet their burden to show the government's position was substantially justified; (4) no special circumstances make an award unjust; and, (5) the amount requested is reasonable. 28 U.S.C. § 2412(d). Here, Petitioner meets all the requirements for an award for fees.

## I. Petitioner Meets the Requirements for an Award of EAJA Fees

### A. *Petitioner's Net Worth Is Below $2,000,000*

Pursuant to 28 U.S.C. § 2412(d)(2)(B), an individual may seek fees and expenses pursuant to the EAJA if their net worth was below $2,000,000 at the time the action was filed. Petitioner is statutorily eligible for an award of attorney's fees and expenses because Petitioner's net worth at the time the instant habeas petition was filed did not exceed $2,000,000. *See* Ex. A.

### B. *Petitioner Is a Prevailing Party in This Litigation*

Pursuant to 28 U.S.C. § 2412(b), the Court may award EAJA fees and expenses to the "prevailing party" in an action against an agency of the United States. Since the Court granted Petitioner's habeas petition on March 30, 2026, ECF No. 8, and ordered his release on bail on April 1, 2026, Petitioner is a prevailing party. *See Buckhannon Board of Care & Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 603 (2001) ("A 'prevailing party' is one who has been awarded some relief by the court.").

### C. *The Position of the United States Was Not Substantially Justified*

Pursuant to 28 U.S.C. § 2412(d)(1)(B), a party seeking an award of fees and expenses shall allege that "the position of the United States was not substantially justified." Furthermore, 28 U.S.C. § 2412(d)(1)(A) provides that "a court shall award a fee to a prevailing party . . . unless the court finds that the position of the United States was substantially justified."

Critically, once "prevailing party" status is established, the burden falls on the government to

prove that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). Significantly, the government must meet this threshold *twice*—it must independently establish that the agency conduct that gave rise to the litigation was substantially justified, *and* that its litigation positions also were substantially justified. 28 U.S.C. § 2412(d)(2)(D). *See also Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158-60 (1990).

Respondents cannot meet their burden.

1. *The Agency's Prelitigation Position was Not Substantially Justified*

First, the agency's prelitigation position was not substantially justified. On March 27, 2026, ICE detained Mr. Garcia Xicay without an individualized assessment that he posed a flight risk or a danger to the community and, therefore, without due process. This Court has already held that by doing so, Respondents acted in violation of the Constitution. *See* ECF No. 8 ("The Government elects to rely on an inapplicable provision, under which detention violates Petitioner's due process rights.").

A violation of the Constitution cannot be substantially justified. *See Meinhold v. U.S. Dep't of Defense*, 123 F.3d 1275, 1278 (9th Cir. 1997) ("If the government's position violates the Constitution . . . a finding that the government was substantially justified would be an abuse of discretion.").

2. *The Agency's Litigation Position was Not Substantially Justified*

Respondents presented to this Court a legal theory that has been rejected by nearly every every judge in the Eastern District of New York, including previously by this very Court. Because Respondents' legal position was not "substantially justified," EAJA fees are appropriate. *See L.R.C. v. Maldonado*, 25-CV-6825 (AMD), 2026 WL 946787, at *5 (E.D.N.Y. April 7, 2026) (awarding EAJA fees in factually similar habeas proceeding in the amount of $15,497)*; Cornejo Guanuquiza v. Francis*, 25-CV-10267 (RA), 2025 WL 3678121, at *2 (S.D.N.Y. Dec 18, 2025) (awarding EAJA

fees in factually similar habeas proceeding; "[t]he Court finds that the Government's position 'was not substantially justified,' since it does not 'and has never had a reasonable basis in statutory text, structure, or history.'"); *Yao v. Almodovar*, --- F. Supp. 3d ---, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025) ("Here, Yao is the prevailing party, and ICE's position, rejected this year in some 97% of the cases in which it was litigated, was not substantially justified. Yao is thus entitled to reasonable fees and costs."); *Rivera Esperanza v. Francis*, No. 25-CV-8727 (RA), 2025 WL 3513983, at *9 (S.D.N.Y. Dec. 9, 2025) (awarding EAJA fees in factually similar habeas action); *Barco Mercado v. Francis*, --- F. Supp. 3d ---, 2025 WL 3295903, at *13 (S.D.N.Y. Nov. 26, 2025) ("[Respondents'] position has been rejected with near unanimity in the overwhelming majority of cases across the country. Mr. Barco is entitled to reasonable fees and costs.").

D. *There Are Not Special Circumstances in This Case That Would Make a Fee Award Unjust*

Under 28 U.S.C. § 2412(d)(1)(A), "a court shall award a fee to a prevailing party . . . Unless . . . special circumstances make an award unjust." Some courts look to traditional rules of equity to determine whether or not the petitioner has "unclean hands" to determine whether or not the award would be unjust. *See, e.g.*, *Oguachuba v. INS*, 706 F.2d 93, 98 (2d Cir. 1983). In the case at hand, neither Petitioner, nor Petitioner's counsel, have engaged in any type of misconduct that could result in Petitioner being classified as having "unclean" hands.

E. *Petitioner's Request for Fees in this Case is Reasonable*

Petitioner seeks a total of $3,547.40 for 13.5 hours of work performed by his attorney. Attached are specific and contemporaneous statements of hours. *See* Ex. B. The statutory hourly rate of compensation for attorneys is $125 for cases commenced on or after March 29, 1996, when the statutory hourly rate was last raised. The rate can be "adjusted" for inflation based on cost of living adjustments ("COLA"). Courts have held that "cost of living" has the ordinary meaning and is properly measured by the Consumer Price Index ("CPI-U"). *Harris v. Sullivan*, 968 F.2d 263, 265

(2d Cir. 1992). The CPI-U as of March 1996 for NY-NJ was 166.5. The CPI-U for NY-NJ for December 2025, immediately before Petitioner filed the habeas petition, was 350.003. *See* Ex. C. Thus, the COLA can be obtained by dividing 350.003 by 166.5. This results in a COLA of 2.10. When the statutory cap rate of $125 per hour is multiplied by 2.10, the statutory rate adjusted for the cost of living in 2025 is $262.77 per hour.

As the attached invoices show, Petitioner seeks attorney's fees for 13.5 of hours of work at a rate of $262.77 an hour. Ex. B. Multiplying 13.5 of hours of work by $262.77 per hour results in $3,547.40. These rates are reasonable and represent a downward departure from what are the market rates of Petitioner's attorney's time.

Dated: April 20, 2026

Respectfully submitted,

/s/ Michael Goldman______________
The Law Offices of Michael Z. Goldman
100 Church St., Suite 800
New York, NY 10007
212 901-3799
michael@mzglaw.com

*Attorney for the Petitioner*