UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROLMAN ROBERTO GARCIA-XICAY,

*Petitioner,*

v.

BILL LEEPER, Sheriff of Nassau County, JUDITH ALMODOVAR, Deputy Field Office Director, U.S. Department of Homeland Security, TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement, TODD BLANCHE, Acting U.S. Attorney General, U.S. Department of Justice,

*Respondents.*

Civil Action 26-cv-01833 (SJB)

**RESPONDENTS' MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
Eastern District of New York
610 Federal Plaza, 5th Floor
Central Islip, New York 11722
(631) 715-7822

Marika Maris Lyons
Assistant U.S. Attorney
(Of Counsel)

Date of Service: May 19, 2026

## PRELIMINARY STATEMENT

Respondents Judith Almodovar, in her official capacity as Acting New York Field Officer Director, U.S. Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, in his official capacity as Acting Director of ICE and Todd Blanche,[1] in his official capacity as Acting Attorney General, U.S. Department of Justice ("Federal Respondents"),[2] respectfully submit this memorandum of law in opposition to Petitioner's Motion for EAJA Fees (ECF Doc. 13, the "Fee Motion").

As shown below, Petitioner is not entitled to an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, because Respondents' position was substantially justified. Accordingly, Petitioner's motion should be denied.

## STATEMENT OF THE CASE

Petitioner Rolman Roberto Garcia Xicay ("Petitioner") is an alien present in the United States without having been lawfully admitted. *See* Petition (ECF No. 1) ¶ 1. Petitioner was initially encountered by ICE on or about September 28, 2017 and issued a Notice to Appear, charging him as removable under Section 212(a)(6)(A)(i) of the INA. *See* Declaration of Deportation Officer Craig Limoncelli ("Limoncelli Decl."), ¶¶ 3-4 and Ex. B. Petitioner has remained in removal proceedings since that time. *See generally, id.* Petitioner was released to his father in November 2017. *Id.* ¶ 5. Since then, Petitioner has been arrested four times -- in 2019, 2020, 2022, and 2025. *Id.* ¶¶ 18-22.

---

[1] Under Fed. R. Civ. P. 25(d), the successor of a party who is a public official is automatically substituted as the party to the suit; therefore, Acting Attorney General Blanche has been substituted for former Attorney General Pamela Bondi.

[2] This office does not represent respondent, Bill Leeper, in his official capacity of Sheriff of Nassau County Correctional Center.

On January 28, 2026, ICE encountered Petitioner while he was at Yaphank Correctional Facility for a DWI conviction. *Id.* ¶ 23. The same day, ICE issued an I-200, Warrant of Arrest, for Petitioner. *See id.* ¶ 24. On March 27, 2026 Petitioner was arrested at Yaphank Correctional Facility following the conclusion of his 90 day sentence for his DWI conviction, pursuant to an immigration detainer. *Id.* ¶¶ 23, 26. ICE detained Petitioner pursuant to Section 235(b)(2)(A) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1225(b)(2)(A). *See id.* ¶ 29.

On March 27, 2026, Petitioner, who was then being detained at 26 Federal Plaza, filed his Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the Petition"), alleging, *inter alia*, that he was being detained "without any hearing to determine whether his ongoing detention is justified." Petition ¶ 5. Petitioner also claims that "Respondents cannot show any valid justification" for his detention, including because he is "neither a flight risk, nor a risk to public safety or national security." *Id.* ¶ 11. The Petition does not make any mention of Petitioner's four arrests, nor the fact that he was detained at the conclusion of a sentence for a DWI conviction.

On March 27, 2026, this Court ordered Respondents to file a response to the Petition including any legal or factual arguments for why it should not be granted. ECF Entry dated March 27, 2026. Respondents filed their response on March 30. ECF Docs. 6, and 6-1 through 6-3 ("Response"). The Court held a bail hearing on April 1, 2026, at which in ordered Petitioner released pursuant to a $10,000 bond and certain other conditions. *See* ECF Orders dated March 30, 2026, March 31, 2026 and April 1, 2026. The Court found that Petitioner was not subject to removal and detention under 8 U.S.C. § 1225(b)(2) because he had been living in the United States for a period of months or years. Order, ECF No. 8, p.3. However, the Court noted that "other legitimate bases" existed for detention. *Id.* p. 2. Petitioner was released on bail following the

April 1, 2026 hearing. *See* ECF Minute Entry and Order dated April 1, 2026. Petitioner filed his Motion for EAJA fees on April 20, 2026. ECF Doc. 13.

## LEGAL STANDARD

Petitioner is not entitled to an award of attorney fees under the EAJA because Respondents' position was substantially justified.

The EAJA "renders the United States liable for attorney's fees for which it would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity" and, therefore, "such waiver must be strictly construed in favor of the United States." *Ardestani v. Immigration and Naturalization Service*, 502 U.S. 129, 137 (1991) (holding that the EAJA does not apply to administrative immigration proceedings). As is relevant here, the EAJA provides that, in certain civil cases, upon a timely application, the United States must pay the attorney fees and other expenses incurred by a party that prevails against it unless the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The EAJA provides for only an award of "reasonable attorney fees" and fixes the hourly rate for attorney fees at $125 per hour, unless the court determines that a higher rate is justified by a cost of living or special factors. 28 U.S.C. § 2412(d)(2)(A).

The substantially justified standard is not to "be read to raise the presumption that the Government position was not substantially justified simply because it lost the case." *Scarborough v. Principi*, 541 U.S. 401, 415 (2004) (citation omitted). A prevailing party's request for an award of fees under the EAJA should be denied when the government proves that its position was substantially justified. *See Cohen v. Bowen*, 837 F.2d 582, 585-86 (2d Cir. 1988); *see also Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983). The term "substantially justified" means "justified to a degree that could satisfy a reasonable person." *Pierce*

*v. Underwood,* 487 U.S. 552, 565 (1988); *see also id.* (quoting H.R. Conf. Rep. No. 96-1434, p. 22 (1980)) ("[T]he test of whether the Government position is substantially justified is essentially one of reasonableness in law and fact."); *Cohen*, 837 F.2d at 586 ("This circuit has repeatedly interpreted the 'substantially justified' standard to be essentially a standard of reasonableness."); *Environmental Defense Fund*, 722 F.2d at 1085; *Kirkland v. Railroad Retirement Board*, 706 F.2d 99, 104-05 (2d Cir. 1983) (denying EAJA fees and holding that "the Board has sustained its burden of showing that its position, although erroneous was not so devoid of legal or factual support that fee award is appropriate."). Substantial justification does not mean "justified to a high degree," but rather is satisfied if there is a "genuine dispute" or "if reasonable people could differ as to [the appropriateness of the contested action]." *Id.* at 565.

Even if EAJA fees are warranted to a prevailing party, EAJA only authorizes the payment of "reasonable" fees and expenses. 28 U.S.C. § 2412(d)(2)(A). In particular, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

## ARGUMENT

### I. THE MOTION FOR FEES SHOULD BE DENIED

Here, Respondents detained Petitioner, who entered the United States unlawfully and was released on own recognizance in 2017, pursuant Section 235(b)(2)(A) of the INA), 8 U.S.C. § 1225(b)(2)(A) ("Section 1225(b)(2)(A)"), after arresting him in March 2026. *See supra* at 1-2. Petitioner's detention pursuant to Section 1225(b)(2)(A) was based on Respondents' reliance on the text and structure of that statute, legislative history and Supreme Court precedent concerning

applicants for admission, like Petitioner, who are present in the United States without admission. *See generally* Response. Nevertheless, as Respondents' Response to the Petition and the Court's March 27, 2026 Order conceded, Your Honor had previously held that the discretionary detention authority in 8 U.S.C. § 1226(a), and not the mandatory detention provision of Section 1225(b)(2)(A), applies to an alien who is detained after having lived in the United States (as opposed to being detained upon entry). Response at p. 3.

With respect to the applicability of Section 1225(a)(2(B), Respondents acknowledge that last month in *da Cunha v. Freden*, No. 25-3142-pr, 2026 WL 1146044, -- F.4th – (2d Cir. Apr. 28, 2026), the Second Circuit held that Section 1225(b)(2)(A) does not apply to foreign nationals who are present in the United States after entering the country without inspection and admission, and who were not apprehended at or near the border at the time of entry, and that 8 U.S.C. § 1226(a) would apply in those circumstances.[3]

However, *da Cunha* had not been decided when the Petition in this case was filed, let alone when Petitioner was detained. At that time, despite various district court decisions to the contrary such as Your Honor's decisions, numerous courts had agreed with this argument, including the Fifth and Eighth Circuit Courts of Appeals. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). Several district court judges in this Circuit also had agreed with Respondents' position. *See Saamishvili v. Flanagan,* No. 25-cv-6178, 2026 WL 377574 (E.D.N.Y. Feb. 11, 2026) (Cogan, J.); *Changgeng Chen v. Almodovar,* No. 25-cv-9995, 2026 WL 507707 (S.D.N.Y. Feb. 24, 2026) (Cronan, J.); *Arana v. Arteta*, No. 26-cv-240, 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026) (Woods, J.); *Weng v. Genalo,* No. 25-cv-9595, 2026 WL 184627 (S.D.N.Y. Jan. 23, 2026) (Rearden, J.); *Yinxiao Chen v. Almodovar*, No. 25-cv-9670,

[3] The Government is still evaluating its next steps in *da Cunha*.

2026 WL 100761 (S.D.N.Y. Jan. 14, 2026) (Cronan, J.); *Liang v. Almodovar*, No. 25-cv-9322, 2025 WL 3641512 (S.D.N.Y. Dec. 15, 2025) (Vyskocil, J.); *Azizzadeh v. Rhoney*, No. 25-cv-1288, 2026 WL 44324 (W.D.N.Y. Jan. 6, 2026) (Sinatra, J.); *Xiaoquan Chen v. Almodovar*, 815 F. Supp. 3d 314 (S.D.N.Y. Dec. 4, 2025) (Vyskocil, J.); *Candido v. Bondi*, No. 25-cv-867, 2025 WL 3484832, at *3 (W.D.N.Y. Dec. 4, 2025).[4]

---

[4] Prior to the issuance of *da Cunha*, many district court decisions from other circuits agreed with Respondents' position. *See, e.g.*, *Martinez Castrillon v. Bullock*, No. 26-cv-2427, 2026 WL 1132333 (W.D. Tenn. Apr. 27, 2026); *Delgado-Paz v. Olson,* No. 26-cv-193, 2026 WL 1122637 (S.D. Ind. Apr. 24, 2026); *Fernandez v. Olson*, No. 25-cv-206, 2026 WL 1078100 (E.D. Ky. Apr. 21, 2026); *Romero v. Broward Transitional Center* --- F. Supp.3d --, 2026 WL 1053240 (S.D. Fl. Apr. 16, 2026); *Acosta Gonzalez v. Noem*, --- F. Supp. 3d ---, 2026 WL 1077836 (S.D. Fl. Apr. 20, 2026); *Hernandez-Oseguera v. Minter*, 26-cv-2416, 2026 WL 1031844 (W.D. Tenn. Apr. 16, 2026); *Rocha Vargas v. Miami Federal Detention Center*, --- F. Supp. 3d ---, No. 25-cv-25966 (S.D. Fla. Apr. 2, 2026); *Palma v. Powell*, No. 26-cv-299, 2029 WL 7017788 (N.D. Ala. March 12, 2026); *Noel v. Walker*, No. 25-cv-26093, 2026 WL 672903 (S.D. Fla. March 10, 2026); *Byron A. v. Bondi*, No. 26-1365, 2026 WL 608535 (D. Minn. Mar. 4, 2026); *Jimenez v. Hardin*, No. 26-cv-139, 2026 WL 522991 (M.D. Fla. Feb. 25, 2026); *Mendoza v. Raycraft*, No. 25-cv-2183, 2026 WL 507389 (N.D. Ohio Feb. 24, 2026); *Fleurimond v. Noem*, No. CV-26-00037, 2026 WL 507542 (D. Ariz. Feb. 24, 2026); *Saucedo Carera v. Bondi*, No. 26-cv-39, 2026 WL 508084 (D.N.D. Feb. 24, 2026); *Paz Salazar v. Noem*, No. 26-cv-0899, 2026 WL 496956 (E.D. Cal. Feb. 23, 2026); *Enriquez Pineda v. Noem*, No. 26-cv-16, 2026 WL 496680 (E.D. Mo. Feb. 23, 2026); *Gallardo Cardenas v. Noem*, No. 26-cv-363, 2026 WL 496797 (M.D. Fla. Feb. 23, 2026); *Guadarrama de Andrade v. Noem*, No. 26-cv-1187, 2026 WL 483279 (D. Minn. Feb. 20, 2026); *Argenis M. v. Bondi*, No. CV 26-1058 , 2026 WL 478189 (D. Minn. Feb. 19, 2026); *Alcan v. Sec'y of DHS*, No. 25-cv-961, 2026 WL 472333 (S.D. Ohio Feb. 19, 2026); *Mokanu v. Warden Miami Fed. Det. Ctr.*, No. 25-cv-24121, 2026 WL 472294 (S.D. Fla. Feb. 19, 2026); *Alvarez-Felix v. Ramos*, No. CV 26-1041, 2026 WL 438160 (D.P.R. Feb. 17, 2026); *Gonzalez v. Ladwig*, No. 26-cv-2017, 2026 WL 413602 (W.D. Tenn. Feb. 13, 2026); *Cisneros v. Noem*, --- F.Supp.3d ---, No. 25-cv-1170, 2026 WL 396300 (D. Utah Feb. 12, 2026); *Perez Chavez v. Noem*, --- F.Supp.3d ---, No. CV-26-00323, 2026 WL 381618 (D. Ariz. Feb. 9, 2026); *Morales v. Noem*, --- F.Supp.3d ---, No. 25-62598-CIV, 2026 WL 236307 (S.D. Fla. Jan. 29, 2026); *Lopez v. Dir. of Enf't & Removal Operations*, --- F.Supp.3d ---, No. 3:25-cv-1313, 2026 WL 261938 (M.D. Fla. Jan. 26, 2026); *Singh v. Noem*, No. CIV 25-1110 JB/KK, 2026 WL 146005 (D.N.M. Jan. 20, 2026); *Sanchez v. Soto*, No. CV 25-19082, 2026 WL 125576 (D.N.J. Jan. 16, 2026); *Gutierrez Sosa v. Holt*, 2026 WL 36344 (W.D. Okl. Jan. 6, 2026); *Parra v. Sec'y, DHS*, 2026 WL 21243 (M.D. Fl. Jan. 5, 2026); *Rodriguez v. Jeffreys*, 2025 WL 3754411 (D. Neb. Dec. 29, 2025); *Zuniga v. Lyons*, --- F. Supp. ---, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025); *Montoya v. Holt*, 2025 WL 3733302 (W.D. Okla. Dec. 26, 2025); *A.M. v. Joyce*, 2025 WL 3706922 (D. Me. Dec. 22, 2025); *Calderon Lopez v. Lyons*, 2025 WL 3683918 (N.D. Tex. Dec. 19, 2025); *E.R.J.B. v. Wofford*, 2025 WL 3683118 (E.D. Cal. Dec. 18, 2025); *Padilla v. Galovich*, 2025 WL 3640960 (W.D. Wis. Dec. 16, 2025); *Coronado v. Sec'y, DHS*, 2025 WL 3628229 (S.D. Ohio Dec. 15, 2025); *P.B. v. Bergami*, 2025

Although this Court reached a different conclusion on the statutory interpretation issue, given the existence of numerous decisions agreeing with Respondents' position and the absence of controlling authority foreclosing that position, Respondents' position in this litigation was substantially justified. Several courts in the Second Circuit have reached that conclusion. *See, e.g., Singh v. . Maldonado,* 26-cv-1571 (OEM) (E.D.N.Y. May 16, 2026) Docket Order ("Here, various courts in this Circuit have reached conclusions different from this Court's on the statutory interpretation of 8 U.S.C. § 1225 . . . Further, this matter was decided before the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 25-3142-pr, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). Thus, the Court cannot conclude that Respondents' position lacked a 'reasonable basis both in law and fact.'"); *Ul Haq v. Maldonado, et al.*, 26-cv-1430 (RPK) (E.D.N.Y. May 14, 2026) Docket Order ("Here, the government's position was reasonable given the split of authority and lack of controlling precedent concerning the proper interpretation of 8 U.S.C. § 1225 at the time petitioner was detained and filed his petition. Accordingly, the motion [for EAJA fees] is denied."); *Lopez v. Trump*, 816 F. Supp. 3d 492 (D. Vt. 2026) (holding that because courts have differed, the Government's position regarding the applicability of Section 1225(a)B)(2), although incorrect, was substantially justified); *see also R.P.L. v. Maldonado,* No. 25-cv-06886 (HG) (E.D.N.Y. May 4, 2026) Docket Order ("Given the current split among several Courts of Appeals, and the split among the district courts within the Circuit concerning the appropriate interpretation of 8 U.S.C.

---

WL 3632752 (N.D. Tex. Dec. 13, 2025); *Garcia v. U.S. Att'y Gen.*, 2025 WL 3537592 (M.D. Fla. Dec. 10, 2025); *Ugarte-Arenas v. Olson*, 2025 WL 3514451 (E.D. Wis. Dec. 8, 2025); *Melgar v. Bondi*, 2025 WL 3496721 (D. Neb. Dec. 5, 2025); *Topal v. Bondi*, 2025 WL 3486894 (W.D. La. Dec. 3, 2025); *Cruz v. Noem*, No. 25-cv-555, 2025 WL 3482630 (C.D. Cal. Dec. 2, 2025); *Suarez v. Noem*, No. 25-cv-202, 2025 WL 3312168 (E.D. Mo. Nov. 28, 2025); *Jimenez v. Thompson*, 2025 WL 3265493 (S.D. Tex. Nov. 24, 2025); *Alonzo v. Noem*, --- F. Supp. 3d ---, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Oliveira v. Patterson*, 2025 WL 3095972 (W.D. La. Nov. 4, 2025); *Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Garibay-Robledo v. Noem*, 2025 WL 3264482 (N.D. Tex. Oct. 24, 2025); *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025).

§§ 1225 and 1226 at the time the government responded to the Court's Order to Show Cause, . . ., the Court cannot conclude that the government's position lacked a 'reasonable basis both in law and fact.'"); *Singh v. Maldonado*, No. 26-cv-00292 (EK) (E.D.N.Y. Feb. 2, 2026) Docket Order ("Given the split within this circuit concerning the appropriate interpretation of 8 U.S.C. § 1225, the Court cannot conclude that the government's position lacks a 'reasonable basis both in law and fact."); *but see L.R.C. v. Maldonado*, No. 25-cv-6825 (AMD), 2026 WL 946787 (E.D.N.Y. Apr. 7, 2026). Given the existence of numerous, well-reasoned decisions from federal courts at the district and appellate levels agreeing with Respondents' position, and the absence of controlling authority foreclosing that position, Respondents' arguments were substantially justified. *See Arana v. Decker*, No. 20 CV 4104-LTS, 2020 WL 7342833, at *8 (S.D.N.Y. Dec. 14, 2020) (government's position was substantially justified when there was no "binding authority" or "clear guidance" regarding issues); *Brissett v. Decker*, 324 F. Supp. 3d at 448, 449-50 (S.D.N.Y 2018) (denying EAJA fees in case involving mandatory detention where government's position was substantially justified based on its "reasonable" interpretation of the statute's plain language and "in light of the absence of precedent from the Supreme Court and the Second Circuit" foreclosing the interpretation); *C.M.Z. v. Zuchowski*, No. 22-cv-205, 2025 WL 1911824, at *2 (D. Vt. June 27, 2025) (citing *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 92d Cir. 1999)) (denying motion for EAJA fees where "the law [did] not [] foreclose[] [Respondents'] position during the underlying litigation").

Petitioner's arguments to the contrary are not persuasive. Petitioner argues that Respondents' position was not substantially justified because their position was rejected by the majority of courts to have considered the issue. EAJA Motion at p. 3-4. But these arguments

impermissibly "collapse [the] antecedent evaluation of the merits" into the "distinct legal standard" of reasonableness set forth by EAJA. *Cooper*, 24 F.3d at 1416.

Accordingly, Petitioner's motion for fees under the EAJA should be denied because Respondents' position was substantially justified.

## II. <u>ALTERNATIVELY, THE AMOUNT OF FEES SHOULD BE REDUCED</u>

While Respondents respectfully submit that the motion should be denied in its entirety, if the Court does not deny the request outright, any fees should nonetheless be reduced by travel time, which should not be included in an EAJA motion for fees. *See, e.g., DiGennaro v. Bowen*, 666 F. Supp. 426, 434 (E.D.N.Y. 1987) (Mishler, J.) (reducing EAJA award by travel and waiting time, finding that it was "erroneously" included). Here, Petitioner included time spent for "Travel to and From Islip Courthouse" in his request for fees. ECF No. 13-2 p. 6. Because the time spent for travel is requested in an entry that includes time spent on another task ("Conducted hearing") (commonly referred to as "block billing"), Federal Respondents are not certain of how much travel time is included in the request for fees. Federal Respondents respectfully request that the Court either enter an order directing counsel to specify the amount time spent on travel, or otherwise apply a reduction. Courts "routinely apply across the board reductions to address vague entries or block billing in billing records," *Safranek v. Wormuth*, No. 23-cv-5985 (JCM), 2024 WL 5186599, at *6 (S.D.N.Y. Dec. 19, 2024) (collecting cases), and should the Court be inclined to award any fees here, it should do the same.

## <u>CONCLUSION</u>

For the foregoing reasons, Respondents respectfully request that the Court deny Petitioner's motion for EAJA fees.

Dated: Central Islip, New York
May 19, 2026

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
*Attorney for Respondents*
610 Federal Plaza
Central Islip, NY 11722

By: *s/Marika Lyons*
Marika M. Lyons
Assistant United States Attorneys
(631) 715 -7822
marika.lyons@usdoj.gov

**CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.1(C)**

I, Marika M. Lyons, certify that Federal Respondent's Memorandum of Law, dated May 19, 2026, complies with the requirements of Local Rule 7.1(c), in that it contains 3,220 words.

Dated: May 19, 2026
Brooklyn, New York

*/s/ Marika M. Lyons*
Assistant U.S. Attorney