UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROLMAN ROBERTO GARCIA XICAY,

Plaintiff,

v.

**ORDER**
26-CV-1833-SJB

BILL LEEPER, et al.,

Defendants.
---------------------------------------------------------------X
**BULSARA, United States District Judge:**

Petitioner Rolman Roberto Garcia Xicay ("Petitioner") filed a petition for writ of habeas corpus on March 27, 2026, challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE") under Section 1225 of the Immigration and Nationality Act ("INA"). (Pet. for Writ of Habeas Corpus, Dkt. No. 1 at 2, 6). This Court provisionally granted the writ on March 30, (*see* Order, Dkt. No. 8 at 5), and two days later granted Petitioner bail after a hearing, (*see* Min. Entry and Order dated Apr. 1, 2026).

Before the Court is Petitioner's application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Pet.'s Mot. for EAJA Fees dated Apr. 20, 2026 ("Pet.'s Mot."), Dkt. No. 13). For the Court to award attorney's fees under the EAJA, Petitioner must show that (1) he is the "prevailing party;" (2) the Government's position was not "substantially justified;" and (3) there are no "special circumstances [that] make an award unjust." *Hasou v. Jaddou*, No. 23-7225, 2024 WL 3264142, at *2 (2d Cir. July 2, 2024) (quoting 28 U.S.C. § 2412(d)(1)(A)). In addition,

Petitioner must demonstrate that his fee application is reasonable. *See* § 2412(d)(2)(A) ("'[F]ees and other expenses' includes . . . reasonable attorney fees . . . not . . . in excess of $ 125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.").

The Government's sole opposition to the motion is to argue its position was substantially justified, citing decisions by various district courts and the Fifth and Eighth Circuit Courts of Appeals that purport to substantiate the legal position it advanced in this litigation. But as federal courts around the nation—including the Second Circuit[1]—have determined in at least 16,860 similar detention cases,[2] there is no legal justification for the Government's position, let alone a substantial one. In *Barbosa da Cunha*, the question before the Second Circuit was whether ICE's detention of a noncitizen who had been present in the United States for more than 20 years was governed by INA Section 1225—which mandates detention during the removal process—or Section 1226—which allows for temporary release on bond. *See* 175 F.4th at 69–71. Section 1226 is unmistakably the correct answer, the Court held: "This result is dictated by the plain text of these provisions, and further confirmed by the statute's context, structure, history, and purpose. It likewise comports with the Supreme Court's established understanding of Sections 1225 and 1226." *Id.* at 69. In reaching this

[1] *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub nom. Rhoney v. Barbosa da Cunha*, No. 26-0104, 2026 WL 2942994 (U.S. Oct. 1, 2026).

[2] *Judges Have Ruled in At Least 19,400 Detention Cases*, Politico, https://perma.cc/TB8H-RDG3 (last visited Sep. 29, 2026).

conclusion, the Second Circuit "join[ed] the overwhelming majority of federal judges across the Nation to . . . conclude that the government's novel interpretation of the immigration statutes defies their plain text." *Id.* This Court reached an identical conclusion in this very case. (*See* Order dated Mar. 30, 2026 at 4) ("[A]t its core, detention under Section 1225 violates due process guarantees and is inapplicable and inappropriate for individuals who have lived in the United States as long as Petitioner has.").

As to EAJA fees, the Government's position has been rejected by several district courts analyzing the same issue. *See, e.g.*, *Rahman v. Almodovar*, No. 25-CV-10203, 2026 WL 2410027, at *3 (S.D.N.Y. Aug. 18, 2026) ("[T]his Court is not suggesting that Respondents should have been psychic [regarding *Barbosa da Cunha*] . . . However, the straightforward statutory text and history, as well as the uniformity of interpretation among executive, legislative, and judicial branches, necessarily communicated to Respondents that their newly-minted interpretation of Section 1225 was certain to fail."); *L.S.M. v. Genalo*, No. 26-CV-0942, 2026 WL 1906418, at *2 (S.D.N.Y. July 1, 2026), ("[I]n this Circuit, as of mid-February 2026, the [G]overnment ha[d] prevailed in only approximately fifteen cases, while losing in approximately 145 cases. Despite the recent circuit split, this lopsided record indicates that the Government's litigation position lacks substantial justification.") (quotations and citations omitted), *appeal filed*, No. 26-2448 (2d Cir. Sep. 1, 2026); *Merlo Puerto v. Leeper*, 834 F. Supp. 3d 337, 343 (E.D.N.Y. 2026) ("The Court has no difficulty finding that Respondents have failed to establish that their position was substantially justified, and thus, Petitioner's counsel is entitled to

a fee award under the EAJA."); *L.R.C. v. Maldonado*, No. 25-CV-6825, 2026 WL 946787, at *2 (E.D.N.Y. Apr. 7, 2026) (granting EAJA fees and concluding that at both the time of the government's conduct and the time of petitioner's fee application, "the respondent's position did not and had never had a reasonable basis in statutory text, structure, or history, and had been rejected with near unanimity in the overwhelming majority of cases across the country") (quotation omitted) (cleaned up). These decisions are factually and legally indistinguishable from the present case.

The Court previously granted the writ provisionally in this case. The Court now enters final judgment for Petitioner.

Finally, the Court has independently reviewed the hours of work and rate of Petitioner's counsel and found both reasonable. Petitioner is entitled to the requested $ 5,255.41, including travel time—which is compensable[3]—and fees incurred in filing the fee petition.[4]

---

[3] *See Aston v. Sec'y of Health & Hum. Servs.*, 808 F.2d 9, 12 (2d Cir. 1986) (finding "travel" as an expense "reimbursable under the EAJA as reasonable 'fees and other expenses'") (quoting § 2412(d)(2)(A)).

[4] *See Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 145 (2d Cir. 2023) ("Reasonable attorneys' fees for preparing [a] fee application are compensable.") (quotation omitted).

## CONCLUSION

For the reasons explained above, Petitioner's motion for EAJA fees is granted, and the Court awards Petitioner $ 5,255.41 in fees. The Clerk of Court is directed to enter judgment in favor of Petitioner and close this case.

SO ORDERED.

/s/ Sanket J. Bulsara
SANKET J. BULSARA
United States District Judge

Date: October 16, 2026
Central Islip, New York